**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLMAN ROSENDO MEJIA MEJIA, | No. 11-73236 |
| Petitioner, | Agency No. A088-964-177 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013**

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Olman Rosendo Mejia Mejia, a native and citizen of Honduras, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

Mejia has not raised any challenge to the agency's dispositive finding that his asylum claim is time-barred.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's adverse credibility determination because Mejia's testimony was both internally inconsistent and inconsistent with the documentary evidence regarding the timing of his political activities and his attack.  *See Singh v. Holder*, 638 F.3d 1264, 1270 (9th Cir. 2011).  In the absence of credible testimony, Mejia's withholding of removal claim fails.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Mejia's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if returned to Honduras, his CAT claim also fails.  *See id.* at 1156-57.

Finally, we lack jurisdiction to consider Mejia's contention that the IJ was biased and prejudiced because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider due process challenges that have not been administratively exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**